UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM STEVENSON, | Case No. CV 16-9524 JC |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER OF REMAND |
| NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security, | |
| Defendant. | |

## I.   SUMMARY

On December 23, 2016, plaintiff Kim Stevenson filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's applications for benefits.  The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion") (collectively "Motions").  The Court has taken the Motions under submission

---

[1]Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is hereby substituted as the defendant in this action.

without oral argument.  See Fed. R. Civ. P. 78; L.R. 7-15; December 29, 2016 Case Management Order ¶ 5.

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II.  BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

In September 2013, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits alleging disability beginning on October 3, 2011, due to Graves Disease, and numbness in plaintiff's lower back and buttocks.  (Administrative Record ("AR") 21, 129, 131, 157).  The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from plaintiff (who was not represented by counsel) and a vocational expert on July 7, 2015.  (AR 36-68).

On August 6, 2015, the ALJ determined that plaintiff was not disabled through the date of the decision.  (AR 21-29).  Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments:  Graves Disease (hyperthyroidism), hypothyroidism, degenerative disorder of the lumbar spine, and carpal tunnel syndrome (AR 23); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 24); (3) plaintiff retained the residual functional capacity to perform light work[2]

///

---

[2]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  20 C.F.R. §§ 404.1567(b), 416.967(b).  "[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday.  Sitting may occur intermittently during the remaining time."  See Social Security Ruling ("SSR") 83-10, 1983 WL 31251, at *6; see also 20 C.F.R. §§ 404.1567(b), 416.967(b) (noting light work may "require[] a good deal of walking or standing").

(20 C.F.R. §§ 404.1567(b), 416.967(b)) with additional limitations[3] (AR 24); (4) plaintiff could not perform any past relevant work (AR 27); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically information clerk, usher, and furniture rental consultant (AR 27-28); and (6) plaintiff's statements regarding "the extent of her alleged symptoms and functional restrictions are not entirely credible" (AR 25).

On October 21, 2016, the Appeals Council denied plaintiff's application for review.  (AR 1).

**III.    APPLICABLE LEGAL STANDARDS**

> **A.    Administrative Evaluation of Disability Claims**

To qualify for disability benefits, a claimant must show that he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted).  To be considered disabled, a claimant must have an impairment of such severity that the claimant is incapable of performing both work the claimant previously performed ("past relevant work") and other "work which exists in the national economy." Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)).

To assess whether a claimant is disabled, an ALJ is required to use the five-step sequential evaluation process set forth in Social Security regulations.  Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citations omitted) (describing five-step sequential evaluation process) (citing 20 C.F.R. §§ 404.1520, 416.920).  The claimant has the burden of proof at

---

[3]The ALJ determined that plaintiff could also perform (i) occasional climbing of ladders, ropes, scaffolds, ramps, and stairs; (ii) occasional stooping, kneeling, crouching, and crawling; and (iii) occasional handling and fingering with the right dominant hand.  (AR 27).

steps one through four – *i.e.*, determination of whether the claimant was engaging in substantial gainful activity (step 1), has a sufficiently severe impairment (step 2), has an impairment or combination of impairments that meets or equals a listing in 20 C.F.R. Part 404, Subpart P, Appendix 1 (step 3), and retains the residual functional capacity to perform past relevant work (step 4). The Commissioner has the burden of proof at step five – *i.e.*, determination of whether the claimant could perform other work in the national economy. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted).

## B.    Federal Court Review of Agency Decisions

A court may set aside a denial of benefits only when the Commissioner's "final decision" was "based on legal error or not supported by substantial evidence in the record." 42 U.S.C. § 405(g); Trevizo v. Berryhill, 871 F.3d 664, 674 (9th Cir. 2017) (citation and quotation marks omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Trevizo, 871 F.3d at 674 (citation and quotation marks omitted). It is "more than a mere scintilla, but less than a preponderance." Id.

An ALJ's decision must be upheld if the evidence could reasonably support either affirming or reversing the decision. Id. at 674-75 (citations omitted). Nonetheless, a court may not affirm "simply by isolating a 'specific quantum of supporting evidence.'" Id. at 675 (citation omitted). When determining whether substantial evidence supports a finding, a court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion[.]" Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation and quotation marks omitted). In addition, federal courts review only the reasoning the ALJ provided, and may not affirm the ALJ's decision "on a ground upon which [the ALJ] did not rely." Trevizo, 871 F.3d at 675 (citations omitted).

///

4

1    While an ALJ's decision need not be drafted with "ideal clarity," at a
2    minimum it must describe the ALJ's reasoning with sufficient specificity and
3    clarity to "allow[] for meaningful review." Brown-Hunter v. Colvin, 806 F.3d
4    487, 492 (9th Cir. 2015) (citations and internal quotation marks omitted); see
5    generally 42 U.S.C. § 405(b)(1) ("ALJ's unfavorable decision must, among other
6    things, "set[] forth a discussion of the evidence" and state "the reason or reasons
7    upon which it is based"); Securities and Exchange Commission v. Chenery Corp.
8    ("SEC"), 332 U.S. 194, 196-97 (1947) (administrative agency's determination
9    must be set forth with clarity and specificity).

10    Even when an ALJ's decision contains error, it must be affirmed if the error
11    was harmless. Treichler v. Commissioner of Social Security Administration, 775
12    F.3d 1090, 1099 (9th Cir. 2014). An ALJ's error is harmless if (1) it was
13    inconsequential to the ultimate nondisability determination; or (2) despite the
14    error, the ALJ's path may reasonably be discerned, even if the ALJ's decision was
15    drafted with less than ideal clarity. Id. (citation and quotation marks omitted).
16    The claimant has the burden to establish that an ALJ's error was not harmless.
17    See Molina, 674 F.3d at 1111 (citing Shinseki v. Sanders, 556 U.S. 396, 409
18    (2009)). A reviewing court may not conclude that an error was harmless based on
19    independent findings gleaned from the administrative record. Brown-Hunter, 806
20    F.3d at 492 (citations omitted). When a reviewing court cannot confidently
21    conclude that an error was harmless, a remand for additional investigation or
22    explanation is generally appropriate. See Marsh v. Colvin, 792 F.3d 1170, 1173
23    (9th Cir. 2015) (citations omitted).

24    **IV.    DISCUSSION**

25    Plaintiff contends that a reversal or remand is warranted because the ALJ
26    materially erred in evaluating plaintiff's statements regarding her subjective
27    symptoms and limitations. (Plaintiff's Motion at 4-15). This Court agrees.
28    ///

5

## A. Pertinent Law

When determining disability, an ALJ is required to consider a claimant's impairment-related pain and other subjective symptoms at each step of the sequential evaluation process. 20 C.F.R. §§ 404.1529(a) & (d), 416.929(a) & (d). Accordingly, when a claimant presents "objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms [the claimant] alleged," the ALJ is required to determine the extent to which the claimant's statements regarding the intensity, persistence, and limiting effects of his or her symptoms ("subjective statements" or "subjective complaints") are consistent with the record evidence as a whole and, consequently, whether any of the individual's symptom-related functional limitations and restrictions are likely to reduce the claimant's capacity to perform work-related activities. 20 C.F.R. §§ 404.1529(a), (c)(4), 416.929(a), (c)(4); SSR 16-3p, 2017 WL 5180304, at *4-*10; SSR 96-7p, 1996 WL 374186, at *1-*5.[4] When an

_____

[4]Social Security Rulings reflect the Social Security Administration's ("SSA") official interpretation of pertinent statutes, regulations, and policies. 20 C.F.R. § 402.35(b)(1). Although they "do not carry the 'force of law,'" Social Security Rulings "are binding on all components of the . . . Administration[,]" and are entitled to deference if they are "consistent with the Social Security Act and regulations." 20 C.F.R. § 402.35(b)(1); Bray v. Commissioner of Social Security Administration, 554 F.3d 1219, 1224 (9th Cir. 2009) (citations and quotation marks omitted); see also Heckler v. Edwards, 465 U.S. 870, 873 n.3 (1984) (discussing weight and function of Social Security rulings). Social Security Ruling 16-3p superseded SSR 96-7p and, in part, eliminated use of the term "credibility" from SSA "sub-regulatory policy[]" in order to "clarify that subjective symptom evaluation is not an examination of an individual's [overall character or truthfulness] . . . [and] more closely follow [SSA] regulatory language regarding symptom evaluation." See SSR 16-3p, 2017 WL 5180304, at *1-*2, *10-*11. The SSA recently republished SSR 16-3p making no change to the substantive policy interpretation regarding evaluation of a claimant's subjective complaints, but clarifying that the SSA would apply SSR 16-3p only "[when making] determinations and decisions on or after March 28, 2016[,]" and that federal courts should apply "the rules [regarding subjective symptom evaluation] that were in effect at the time we issued the decision under review." SSR 16-3p, 2017 WL 5180304, at *1, *13 n.27. It is unclear from such language whether SSR 16-3p is retroactive where, like here, the ALJ issued the decision under review *before* SSR 16-3p became "applicable" on March 28,

(continued...)

individual's subjective statements are inconsistent with other evidence in the record, an ALJ may give less weight to such statements and, in turn, find that the individual's symptoms are less likely to reduce the claimant's capacity to perform work-related activities.  See SSR 16-3p, 2017 WL 5180304, at *8; SSR 96-7p, 1996 WL 374186, at *1-*3.  In such cases, when there is no affirmative finding of malingering, an ALJ may "reject" or give less weight to the individual's subjective statements "only by providing specific, clear, and convincing reasons for doing so." Brown-Hunter, 806 F.3d at 488-89.[5]  This requirement is very difficult to satisfy.  Trevizo, 871 F.3d at 678 ("The clear and convincing standard is the most demanding required in Social Security cases.") (citation and quotation marks omitted).

An ALJ's decision "must contain specific reasons" supported by substantial evidence for giving less weight to a claimant's statements.  SSR 16-3p, 2017 WL 5180304, at *10; SSR 96-7p, 1996 WL 374186, at *2, *4.  An ALJ must clearly identify each statement being rejected and the particular evidence in the record which purportedly undermines the statement.  Treichler, 775 F.3d at 1103 (citation omitted).  If an ALJ's evaluation of a claimant's statements is reasonable and is supported by substantial evidence, it is not the court's role to second-guess it.  See Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted).  When an ALJ fails properly to discuss a claimant's subjective complaints, however, the

_____

[4](...continued)
2016, but the Appeals Council denied review (and thus the Commissioner's decision became "final") *after*.  The issue of retroactivity, however, need not be resolved here since the ALJ's evaluation of plaintiff's subjective complaints fails to pass muster whether SSR 16-3p or its predecessor, SSR 96-7p, governs.

[5]It appears to the Court, based upon its research of the origins of the requirement that there be "specific, clear and convincing" reasons to reject or give less weight to an individual's subjective statements absent an affirmative finding of malingering, that such standard of proof remains applicable irrespective of whether SSR 96-7p or SSR 16-3p governs.  See Trevizo, 871 F.3d at 678-79 & n.5 (citations omitted).

error may not be considered harmless "unless [the Court] can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Stout, 454 F.3d at 1056; see also Brown-Hunter, 806 F.3d at 492 (ALJ's erroneous failure to specify reasons for rejecting claimant testimony "will usually not be harmless").

### B. Analysis

Here, a remand is warranted, at least, due to the errors in the ALJ's evaluation of plaintiff's subjective complaints discussed below.

First, the ALJ wrote "[w]hile the [plaintiff] depicted significantly limited daily activities in her adult disability report [sic] at Exhibit 4E, the other evidence of record concerning her daily activities casts a credibility blemish upon those allegations." (AR 27) (citing Exhibit 4E [AR 175-77] ["Exertion Questionnaire"]). An ALJ may properly give less weight to a claimant's subjective complaints to the extent the claimant's reported daily activities are inconsistent with the alleged severity of the claimant's symptom-related limitations. See Burrell v. Colvin, 775 F.3d 1133, 1137 (9th Cir. 2014) (citation omitted). Here, however, the ALJ has not provided clear or convincing reasons for giving less weight to any specific subjective complaint on such a basis. For example, the ALJ wrote "the [plaintiff] informed the consultative examiner that she is capable of taking care of her own needs . . . [and that she] helps with the housework. . . ." (AR 27) (citing Exhibit 3F at 3 [AR 377]). However, the consultative examiner's conclusory statements do not disclose the specific "needs" plaintiff said she handled or the "housework" plaintiff performed, much less suggest that plaintiff had engaged in any such activity at a level of exertion that was inconsistent with any specific symptom-related limitation alleged in plaintiff's Exertion Questionnaire. (AR 377).

In addition, the ALJ wrote that plaintiff informed the consultative examiner that plaintiff "takes walks [and] runs errands" (AR 27) (citing Exhibit 3F at 3 [AR

8

377]), and that plaintiff testified at the hearing about "walking for exercise one mile a day." (AR 25, 27). Nonetheless, the consultative examiner actually stated that plaintiff "does *some* walking," and specifically noted that plaintiff had the functional capacity only to "walk[] 1 block." (AR 377). Moreover, neither the consultative examiner's statement nor plaintiff's testimony regarding her walking is materially inconsistent with allegations in the Exertion Questionnaire that plaintiff "tr[ies] to walk one mile per day to help ease the pain and discomfort . . . ." (AR 175). Similarly, the consultative examiner actually wrote that plaintiff "*goes on* errands" (which, in the context of the examiner's report, suggests that plaintiff accompanied someone else in the process) (AR 377) (emphasis added), not that plaintiff "*runs* errands," as the ALJ stated (which may suggest that plaintiff personally carried out errands unassisted) (AR 27) (emphasis added).

The ALJ also wrote "during the hearing the [plaintiff] reported that she is capable of doing laundry and cooking, despite the fact that her mother helps her with such chores." (AR 27; see also AR 25). Nonetheless, the ALJ's decision did not identify specific evidence which reasonably reflects the extent of plaintiff's laundry and cooking capabilities, much less provide a sufficient link between such evidence and a specific functional limitation in the Exertion Questionnaire with which it necessarily conflicts. To the contrary, plaintiff testified at the hearing that she would cook "sparingly" (AR 58), which is not materially inconsistent with plaintiff's Exertion Questionnaire statement that "[t]here are not many things [plaintiff could] do *regularly*" on an "*average* day." (AR 175) (emphasis added).

Even so, the mere fact that plaintiff engaged in certain minimal daily activities is not a basis for wholesale rejection of plaintiff's subjective complaints. A claimant need not be "utterly incapacitated" to qualify for disability benefits. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) (citations omitted). An ALJ may properly give less weight to a claimant's subjective complaints where (1) the claimant's alleged degree of symptom-related limitation is patently inconsistent

with the claimant's actual "level of activity" (*e.g.*, a claimant who allegedly has significant difficulty walking still runs marathons); or (2) the ALJ makes "a specific finding" that the claimant "is able to spend a substantial part of [the] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting. . . ." <u>Garrison</u>, 759 F.3d at 1016 (citations and quotation marks omitted); <u>Orn v. Astrue</u>, 495 F.3d 625, 639 (9th Cir. 2007) (citation omitted); <u>Fair</u>, 885 F.2d at 603. Here, the ALJ did not so find. Nor does defendant point to any evidence in the record which persuasively reflects that either ground would adequately support rejecting any *particular* subjective complaint expressed by plaintiff. As defendant suggests, the ALJ might have been able to give less weight to plaintiff's subjective statements due to conflicts with other daily activities. (Defendant's Motion at 4). Since the ALJ's decision did not do so, however, the ALJ's evaluation of plaintiff's subjective complaints may not be affirmed on such additional grounds. <u>See</u> <u>Trevizo</u>, 871 F.3d at 675 (citations omitted).

Second, the ALJ wrote "[a]lthough the [plaintiff] reportedly needs help with bathing . . . she testified at the hearing that she has no trouble showering and bathing." (AR 25) (citing Exhibit 4E [AR 175-77]). An ALJ may properly give less weight to a claimant's subjective complaints due to inconsistencies in plaintiff's own statements. <u>See</u> <u>Light v. Social Security Administration</u>, 119 F.3d 789, 792 (9th Cir. 1997); <u>see also</u> SSR 16-3P, 2017 WL 5180304, at *8 (ALJ may consider "consistency of the individual's own statements" when "determining whether an individual's symptoms will reduce his or her corresponding capacities to perform work-related activities"); SSR 96-7P, 1996 WL 374186, at *5 (same). Here, however, plaintiff actually testified at the hearing that she did not have difficulty showering or bathing "[on] a *typical* day" (AR 56-57) (emphasis added) – which is not necessarily inconsistent with plaintiff's Exertion Questionnaire which suggests that the intensity of her symptoms could often vary. (AR 175); <u>cf.</u>

Trevizo, 871 F.3d at 679 ("Occasional symptom-free periods . . . are not inconsistent with disability[.]") (citation omitted); SSR 16-3p, 2017 WL 5180304, at *9 ("[I]nconsistencies in an individual's statements made at varying times does not necessarily mean they are inaccurate. Symptoms may vary in their intensity, persistence, and functional effects, or may worsen or improve with time."). In any event, the ALJ did not specify *which* of plaintiff's alleged functional limitations was purportedly undermined by any such conflict. See Brown-Hunter, 806 F.3d at 494 (legal error where ALJ failed to identify specific testimony found not credible and failed to "link that testimony to the particular parts of the record supporting [ALJ's] non-credibility determination") (citation omitted); see also Craft v. Astrue, 539 F.3d 668, 673 (7th Cir. 2008) (ALJ must provide "accurate and logical bridge" between evidence and conclusion that claimant is not disabled so reviewing court "may assess the validity of the agency's ultimate findings") (citation and quotation marks omitted).

The ALJ also wrote "[plaintiff] acknowledged [at the hearing] that she is looking for work" and "[d]espite being hesitant about neuropathy in her wrists, the [plaintiff] believes she is able to perform a customer service job or other jobs that do not involve significant typing or heavy work." (AR 25). Plaintiff actually testified, however, that she was "always looking to see [what jobs are] out there," that she "[did not] want to get into [] heavy typing" (not heavy *work* as the ALJ wrote), and that she was "hesitant" about applying for work not just because of neuropathy (as the ALJ found), but also because of carpal tunnel syndrome and plaintiff's difficulty with sitting due to her back condition. (AR 52). Moreover, plaintiff merely acknowledged that she was "looking *at*" certain jobs, not that she necessarily "believe[d]" she was able to do any of them. (AR 52) (emphasis added). Indeed, when viewed as a whole, plaintiff's testimony at most suggests that plaintiff had been "trying to figure out" whether there was any job she could do despite her limitations. (AR 52). There is no basis for assuming that plaintiff –

who was not represented by counsel at the hearing – would have any concept of the pertinent level of functioning required for any particular type of work, or that plaintiff's lay speculation about whether she *might* be able to do some type of "customer service" job reflects that plaintiff actually "believe[d]" she was capable of performing such work for any material period of time. Cf., e.g., Garrison, 759 F.3d at 1016 ("Recognizing that 'disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations. . . .'") (citation omitted). The foregoing incorrect characterization of plaintiff's testimony calls into question the validity of both the ALJ's evaluation of plaintiff's subjective statements and the ALJ's decision as a whole. See Regennitter v. Commissioner of Social Security Administration, 166 F.3d 1294, 1297 (9th Cir. 1999) ("specific finding" that consists of an "inaccurate characterization of the evidence" cannot support adverse credibility determination); Valenzuela v. Astrue, 247 Fed. Appx. 927, 929 (9th Cir. 2007) (finding ALJ's credibility determination unsupported by substantial evidence where it was based in part on "inaccurate characterization" of claimant's testimony).

Third, the ALJ also appears to have discounted plaintiff's subjective complaints due to the absence of supporting objective medical evidence. (AR 25, 26). Lack of objective medical evidence is one factor an ALJ may consider when evaluating a claimant's statements about the intensity,  persistence, and limiting effects of symptoms. Burch, 400 F.3d at 681. Here, however, since the ALJ did not provide any other clear and convincing reason for giving less weight to plaintiff's subjective complaints, mere lack of objective medical evidence is not substantial evidence supporting the ALJ's decision. See Trevizo, 871 F.3d at 679 (ALJ may not discount claimant's testimony "solely because it is not substantiated affirmatively by objective medical evidence") (citation and quotation marks omitted); see also 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2) ("statements about the intensity and persistence of [claimant's] pain or other symptoms or about the

effect [such] symptoms have on [claimant's] ability to work" may not be rejected "solely because the available objective medical evidence does not substantiate [claimant's] statements" ); SSR 16-3p, 2017 WL 5180304, at *5 (same); SSR 96-7p, 1996 WL 374186, at *6 (same).

Finally, the Court cannot conclude that the ALJ's errors were harmless. For one example, the vocational expert effectively testified that there would be no work available if plaintiff (or a hypothetical individual with the same characteristics as plaintiff) needed a "sit-stand option without being off task." (AR 65-66). In light of the significant functional limitations reflected in plaintiff's subjective statements – particularly plaintiff's testimony that she could sit "probably less than seven minutes" at a time (AR 62-63) – the Court cannot confidently conclude that the ALJ's errors were inconsequential to the ultimate disability determination.

Accordingly, a remand is warranted to permit the ALJ to re-evaluate plaintiff's subjective statements.

///
///
///
///
///
///
///
///
///
///
///
///
///

# V.   CONCLUSION[6]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[7]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  December 21, 2017

_____
/s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

_____

[6]The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[7]When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, "additional proceedings can remedy defects in the original administrative proceeding. . . ."  Garrison, 759 F.3d at 1019 (citation and internal quotation marks omitted); see also Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) (remand is an option where the ALJ stated invalid reasons for rejecting a claimant's excess pain testimony).